## Donk Bros. Coal & Coke Company v. Carrie DeLaney, Administratrix.

ACCIDENT—*recovery cannot be predicated upon.*   Where the proof shows that the plaintiff's intestate came. to his death through an accident which the defendant could not have foreseen or anticipated, a recovery cannot be had.

Action for damages for death caused by alleged wrongful act. Appeal from the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.   Heard in this court at the August term, 1906.   Reversed, with finding of facts.   Opinion filed March 15, 1907.

WISE & McNULTY, for appellant.

CHARLES H. BURTON and W. E. WHEELER, for appellee; W. E. HADLEY, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee for the benefit of the widow and next of kin of John DeLaney, who was killed by a falling rock, while employed as a miner in appellant's coal mine.

The declaration, which consisted of one count, alleged

that appellant failed in its duty to provide a reasonably safe place for deceased to perform his duties and to go to and return from the same; that it negligently permitted and allowed a large part of the roof in a certain entry in said mine to remain loose and liable to fall, all of which was unknown to deceased; by means whereof, while deceased was passing along said entry under said rock, as he rightly might do under the terms of his employment, a large part of said loose rock fell upon him and killed him. There was a plea of the general issue and a verdict and judgment for $1,500.

Appellant insists that this judgment should be reversed upon the facts, for the reason that the coal company was guilty of no negligence and violated no duty it owed deceased. It is also insisted by appellant, that if a portion of the roof was loose and liable to fall, and this fact could have been discovered by sounding or by the use of ordinary care, such a condition would have been known to deceased, who was working under it, had he used ordinary care for his own safety; that in failing to use such care he was guilty of contributory negligence.

The proofs in the record disclose that on October 27, 1905, deceased was working in appellant's coal mine in Madison county, Illinois; that he was a man of family, about 44 years of age, had long worked in coal mines and was thoroughly acquainted with this mine, and particularly with that part where the accident occurred; that the entry from the roof of which the rock in question fell, was driven by him and that in going for empty cars he passed along the same several times each day; that on the morning of the day named, between 9 and 10 o'clock, as he and another miner were passing along the entry, a large piece of rock about 30 feet long and 14 feet wide, suddenly fell from the roof without warning; that DeLaney and his companion were both caught under the falling rock and killed; that the roof had been examined in the usual way by a competent, licensed mine examiner, employed by appellant, between 3 and 4 o'clock on the morning of the accident, who found that the rock in the roof at the place where the injury occurred, sounded solid and safe at

Coal & Coke Co. v. DeLaney.

that time; that the superintendent of appellant's mine sounded the roof of this entry back for a distance of 80 feet, which included the roof over the place where DeLaney was killed, only a few days before that time; that about a week before the rock fell, the roof at that place was sounded by DeLaney, who found it solid and apparently safe, but he did not make any sounding or examination after that time, although working directly under it a portion of the time each day; that the rock which fell was of a limestone formation and that if such rock is loose that fact can generally be discovered one or more days before it falls; that it usually gives warnings by noises, similar to cracks or groans and by chippings or small pieces falling from the roof; that such rocks sometimes, however, fall without any previous warning whatever, and that the sudden fall may be caused by gas or water behind the rock or for unknown reasons; that this rock gave out none of these sounds or signs and appeared from the usual test applied by the examiner to be solid and safe only a few hours before it fell.

The duty of appellant as charged in the declaration was, under the circumstances relied upon in this case, to use reasonable or ordinary care to ascertain the condition of the roof, at the place where the injury occurred to learn whether it was dangerous or loose and liable to fall, and if so to make the place reasonably safe for deceased to work in.

We are unable to discover from the evidence wherein appellant was guilty of the breach of duty charged against it in the declaration. Being a corporation appellant necessarily acts through its agents. It had in its employ a competent examiner as required by the laws of the State, and such examiner made what appears to have been a careful examination of the roof at the place in question in good faith, on the morning of the day the rock fell. Evidence was introduced on the part of appellee for the purpose of showing that the rock must have been loose several days before it fell and that its condition should have been discovered by a careful examination. This however was simply a theory based upon the fact that the rock actually fell and the manner of its fall.

As a matter of fact the actual examination on the morning of the fall showed it to be apparently sound and firm. Neither the superintendent who examined the roof at the place in question a week before the fall, the examiner who examined it that morning, nor the workmen who worked in that locality, knew that the roof was unsafe at that point or appear to have had any suspicion of it. If the rock had given forth the sounds which usually precede a fall, or had the chippings which are customary in such cases, fallen from the roof, no one in the mine would have been in better position to have discovered the unsafe condition of the roof from these circumstances than DeLaney and his partner, who went to this place a number of times each day to get empty cars and passed through the entry under the portion of the roof in question for powder, to eat their meals and in coming to and going from their work. William DeLaney, son of deceased, who worked with him, testified that neither his father nor he discovered anything wrong with the roof until it fell.

There was substantially no conflict in the evidence and the proofs clearly show that deceased came to his death by an accident which appellant could not have foreseen and for which it was not responsible.

The judgment of the court below is reversed and as no judgment could be sustained upon the uncontroverted questions of facts in evidence, the cause will not be remanded.

*Reversed.*

Finding of ultimate facts, to be incorporated in the judgment:

We find that appellant was not guilty of any negligence which caused or tended to bring about, the death of appellee's intestate, John P. DeLaney.